UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. FLYNN,                          :
CLAIRVOYANT CAPITAL LLC, and            :
GREENWICH GLOBAL, L.P.                  :      3:04cv1935 (WWE)
    Plaintiffs,                     :
                                        :
v.                                      :
                                        :
U.S. CLEARING, INC. and FLEET           :
SECURITIES, INC.                        :
        Defendants.               :
                                        :
................................ :      September 15, 2005


RULING ON MOTIONS FOR SUMMARY JUDGMENT

     This is an action brought by the plaintiffs, John J. Flynn, Clairvoyant Capital LLC ("Clairvoyant") and Greenwich Global, L.P. ("GGLP"), against the defendants, U.S. Clearing, Inc. and Fleet Securities, Inc. ("U.S. Clearing")[1]  The plaintiffs allege that the defendants have failed and  refuse to participate in National Association of Securities Dealers, Inc. ("NASD") arbitration in violation of NASD Rules 10101 and 10201. In their complaint, the plaintiffs request that the Court order U.S. Clearing and Fleet Securities to participate in NASD arbitration docket number 03-01725 filed with the NASD.

     The defendants move for summary judgment on the grounds that

---

[1]Fleet Security, Inc. is known presently as ADP Clearing and Outsourcing Services, a division of ADP Brokerage Services Group, which is, in turn, a division of Automatic Data Processing, Inc. There is not a separate entity named "U.S. Clearing, Inc."  The Court will refer to the defendant as "U.S. Clearing" for purposes of clarity.

the principles of res judicata bar Flynn and Clairvoyant from re-litigating the arbitrability of their claims against U.S. Clearing. The defendants also move for summary judgment with respect to GGLP on the grounds that GGLP has no legal existence and, therefore, no legal standing to sue. Additionally, the defendants allege that neither Flynn nor Clairvoyant has the authority to direct GGLP's claims.

For the following reasons, the Court will grant the defendants' motions for summary judgment.

## I. Background

Clairvoyant Capital LLC is a Delaware limited liability company with its place of business in Connecticut. John Flynn is the manager of Clairvoyant and was the limited partner of GGLP until March 1, 2001. Clairvoyant was the general partner of GGLP until the same date.  U.S. Clearing is a division of Fleet Securities, Inc.

On August 5, 1998, GGLP entered into a clearing contract with U.S. Clearing.  As part of this contract, Flynn signed two margin agreements with U.S. Clearing, one of which was on behalf of Clairvoyant. These margin agreements stipulated that all controversies "shall be determined by arbitration."  This relationship between GGLP and U.S. Clearing ended in 2000.

On March 9, 2003, Flynn, on behalf of himself and

Clairvoyant, began filing Statements of Claim with the NASD, alleging certain illegal activities on the part of U.S. Clearing in various customer accounts of GGLP and Clairvoyant. To date, Flynn and Clairvoyant have filed approximately 25 Statements of Claim.  These claims include, inter alia, the defendants' disregard of securities regulations, the failure to safeguard the interests of the plaintiffs, the breach of fiduciary duties, the failure to supervise and maintain accurate records, the participation in securities fraud, and other securities irregularities.

On May 3, 2003, Clairvoyant filed a Statement of Claim against U.S. Clearing demanding arbitration with NASD.  The claim for arbitration (NASD docket number 03-01725) remains pending. The plaintiffs now petition this Court to order U.S. Clearing to participate in NASD arbitration.  The defendants argue that the plaintiffs are barred from bringing this action pursuant to the doctrines of res judicata and claim preclusion.  The defendants also claim that the plaintiffs do not have standing to bring this suit.

## II. <u>Discussion</u>

1.  Summary Judgment Standard

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the

3

moving party is entitled to judgment as a matter of law.  Celotex
Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when
reasonable minds could not differ as to the import of the
evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.
2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

        The burden is on the moving party to demonstrate the absence
of any material factual issue genuinely in dispute.  American
International Group, Inc. v. London American International Corp.,
664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a
genuine factual issue exists, the court must resolve all
ambiguities and draw all reasonable inferences against the moving
party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
If a nonmoving party has failed to make a sufficient showing on
an essential element of its case with respect to which it has the
burden of proof, then summary judgment is appropriate.  Celotex
Corp., 477 U.S. at 323.  If the nonmoving party submits evidence
which is "merely colorable," legally sufficient opposition to the
motion for summary judgment is not met.  Anderson, 477 U.S. at
249.


2. Res Judicata
        Defendants argue that since the Supreme Court of the State
of New York, in U.S. Clearing v. Clairvoyant Capital LLC et. al.,
(N.Y.S., Part 25, May 3, 2004) (DeGrasse, J.) permanently stayed

4

a demand for arbitration brought by Clairvoyant and John Flynn against U.S. Clearing, the principles of res judicata bar Flynn and Clairvoyant from re-litigating these claims against U.S. Clearing in the present action.

It is well settled that the doctrine of res judicata provides that when a final judgment has been entered on the merits of case,

> it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The final judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.

Cromwell v. County of Sac, 94 U.S. 351, 352 (1876). Res judicata precludes parties from relitigating issues that were or *could* have been raised in the first action. Pantoja v. Scott, 2001 WL 1313358, *7 (S.D.N.Y.).  Preclusion depends in part on "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." NLRB v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir. 1983). To determine whether a second suit involves the same claim or nucleus of operative facts as the first suit for purposes of res judicata, the court must consider whether the underlying facts of the two claims are related in time, space, origin, or motivation, whether they form a

convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.  Amadsau v. Bronx Lebanon Hospital Center, 2005 WL 121746, *7 (S.D.N.Y.).  Flynn and Clairvoyant assert that res judicata is not applicable in this instance because no pleadings were filed, no trial was conducted, no evidence was offered, and there was no adjudication on the merits as required by the doctrine of res judicata.  The Court finds this argument unavailing.

Despite the plaintiffs' contentions, the New York action was a trial for which pleadings had been filed and evidence admitted.  On November 24, 2003, U.S. Clearing filed, pursuant to CPLR 7503(b), a Verified Petition to stay the NASD arbitration commenced against it by Flynn and Clairvoyant.  In that Petition, U.S. Clearing argued that there was no valid arbitration agreement between the parties and that there was no statutory authority compelling U.S. Clearing to participate in such arbitration. On February 16, 2004, Flynn filed his opposition papers, to which he attached evidentiary exhibits, which included copies of the margin agreements and the same cases he now claims are related to the present matter: Manning v. Flynn (Conn.Sup., Judicial District of Stamford, October 22, 2003)(Tobin, J.); Flynn v. Greenwich Global LLC (Conn.Sup. Judicial District of Stamford, October 19, 2002)(Mintz, J.); and Greenwich Global LLC v. Clairvoyant Capital LLC (Conn.Sup., Judicial District of

Stamford, August 20, 2002)(Downey, J.).

Furthermore, the claims were adjudicated on the merits. Adjudication on the merits refers to a decision which finally resolves the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground. Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001).  The decision of the New York action, which was filed by U.S. Clearing against Flynn and Clairvoyant in order to petition the court to stay the same arbitration commenced by the same parties that is before the Court today, was decided based on the "substance" of the petitioner's claim. Specifically, Judge DeGrasse based his decision to stay arbitration on the clearing agreement that had existed between GGLP and U.S. Clearing. Judge DeGrasse stated that this agreement did not provide grounds for arbitration between U.S. Clearing and Flynn or Clairvoyant.

The plaintiffs also claim that res judicata is not applicable because the "New York Court's ruling was not based on the arbitration agreements in the present case." Although Flynn and Clairvoyant admit that the margin agreements were offered to the New York court, they contend that Judge DeGrasse did not "read or review in any way the arbitration agreements at issue." However, Judge DeGrasse *did* rule on the arbitration agreements. He stated, "it also appears that the margin agreement –

7

agreements upon which respondents rely, have nothing to do with the claims set forth in the statement of claims submitted to the arbitral forum." Thus, the evidence offered by Flynn - the margin agreements themselves – were duly considered and rejected by the court.

Finally, res judicata applies because Flynn and Clairvoyant are attempting to relitigate the same case. Not only are the parties the same in both suits, but the facts are identical. Specifically, both actions addressed whether U.S. Clearing is subject to NASD arbitration with Flynn and Clairvoyant. Moreover, the arbitration sought by Flynn and Clairvoyant in both actions stemmed from the same Statement of Claims against U.S. Clearing.

3. Collateral Estoppel

In their complaint, the plaintiffs suggest that the defendants are bound by the judgments in Manning v. Flynn, Flynn v. Greenwich Global LLC and Greenwich Global LLC v. Clairvoyant. The plaintiffs assert that in Manning v. Flynn, the court found that U.S. Clearing was subject to the arbitration provision in the customer agreement at issue and that the agreement to arbitrate in the Manning is identical to the agreement to arbitrate by Flynn and Clairvoyant with U.S. Clearing. In Flynn v. Greenwich Global, LLC, the court concluded that the parties were members of NASD and therefore subject to arbitration under

NASD rules. Finally, the plaintiffs cite Greenwich Global LLC v. Clairvoyant, in which the court ordered Flynn's counterclaims be arbitrated.

These cases are irrelevant to the present case because U.S. Clearing was not a party to them. None of these cases presents the same parties involved with the same issue. These earlier cases did not determine anything regarding U.S. Clearing's obligation to arbitrate the claims of Flynn and Clairvoyant, the subject of the matter before us today.

4.  Arbitration with GGLP

_____  The Court finds that the present case is barred by the doctrine of res judicata, but now turns to the defendants' second motion for summary judgment.  In this motion, the defendants argue that GGLP no longer exists and, therefore, neither Flynn nor Clairvoyant have standing to bring this suit.

The plaintiffs assert that U.S. Clearing is required to arbitrate its disputes with GGLP pursuant to the NASD Arbitration agreement. They contend that GGLP is a known entity which exists, and that the alleged conversion from GGLP to GGLLC was found invalid pursuant to the decision in Greenwich Global LLC v. Clairvoyant. The plaintiffs also assert that Clairvoyant remains the general partner of GGLP and that both entities are owned by Flynn. Finally, the plaintiffs state that GGLP is a claimant in

the NASD Arbitration.  The defendants argue that GGLP is no longer a viable entity; that it converted into GGLLC on March 2, 2001, registering same with the Secretary of State of the State of Delaware on that date, and that such conversion was memorialized in a Settlement and Mutual Release Agreement dated October 1, 2002.  We agree with the defendants.

"In every federal case, the party bringing the suit must establish standing to prosecute the action.  In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Elk Grove Unified School Dist. V. Newdow, 542 U.S. 1, 124 S.Ct. 2301, 2308 (2004).  The conduct of which the plaintiff complains must be such that affects him specifically, causing him to suffer an identifiable injury.  An uninjured party cannot bring a suit on behalf of another injured party.

The plaintiffs argue that the conversion was invalidated by the court's decision in Greenwich Global LLC v. Clairvoyant, dated August 20, 2002.  While this is accurate, the Settlement and Mutual Release Agreement between the parties, finalized on October 1, 2002, rendered that court's decision moot.  The retroactive effect of Flynn's and Clairvoyant's resignations as limited partner and general partner of GGLP, respectively, obviated their ability to challenge the conversion of GGLP which occurred on March 2, 2001, the day following their agreed-upon

10

resignations.  Accordingly, neither Clairvoyant nor Flynn had standing to bring suit challenging the validity of GGLP's conversion to GGLLC.

Since GGLP converted into GGLLC as of March 2, 2001, GGLP has no standing to bring the present action before the court. Accordingly, GGLP has no standing to compel U.S. Clearing to arbitration and the Court will grant the defendants' motion for summary judgment on these grounds as well.


III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court grants the defendants' motions for summary judgment [Docs. #7 and #16].  The Clerk is instructed to enter judgment and to close this case.


ORDERED this 15th day of September, 2005 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

11